The law clearly makes it the imperative duty of the county clerk to cause primary ballots to be printed. This duty he must perform whether the county board makes provisions for defraying the expenses or not. When in the performance of that duty he violates no law or contract or rule of the county board, the county is clearly liable for the expense he incurs in so doing. For analogous case, see *People v. Fuller*, 238 Ill. 116. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*

---

**Frank Walker, Administrator, Defendant in Error, v. E. C. Schertz, Plaintiff in Error.**

**(Not to be reported in full.)**

Error to the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Reversed with a finding of fact. Opinion filed April 21, 1916.

## Statement of the Case.

Action by Frank Walker, administrator of the estate of Anna A. Walker, deceased, plaintiff, against E. C. Schertz and Mrs. E. C. Schertz, defendants, on a promissory note. From a judgment for plaintiff, defendant E. C. Schertz brings error.

The plaintiff held a note of the defendant on which the defendant claimed a certain payment had been made which was not credited thereon. The parties agreed that plaintiff should give defendant credit on the note for such payment in controversy and that defendant should pay the balance due on the note. The defendant sent plaintiff a check inclosed in a letter,

which plainly informed plaintiff that according to defendant's understanding, the check was in full for the balance due on the note. Plaintiff accepted this check, cashed it, and indorsed the amount of it on the back of the note as so much paid. Later his attorney wrote to defendant that there was still due a certain amount on the note, and that if he did not pay that amount he would be sued, and that if he was sued the amount to be credited would not be allowed. He did not pay it, and plaintiff began suit.

JOHN T. ELLIFF and PRETTYMAN, VELDE & PRETTYMAN, for plaintiff in error.

T. N. SMITH and CURRAN & DEMPSEY, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 4*—*what constitutes*. The acceptance and cashing of a check by a creditor sent him by the debtor with a statement that, according to his understanding, it covered the balance due on a certain note in accordance with a compromise between the parties, *held* to amount to an accord and satisfaction.

2. EXECUTORS AND ADMINISTRATORS, § 85*—*when compromise of debt by administrator valid*. A compromise by an administrator of a debt due the estate, *held* valid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.